716 April 3, 2024 No. 211

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of M. C.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

M. C.,
*Appellant.*

Lane County Circuit Court
22CC02151; A178625

Debra E. Velure, Judge.

Submitted September 6, 2023.

Christopher J. O'Connor and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Julia Glick, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

## PAGÁN, J.

Appellant challenges a judgment committing her to the custody of Oregon Health Authority (OHA) under ORS 426.130(1)(a)(C) for up to 180 days, on the basis that she was a person with mental illness as defined by ORS 426.005(1)(f) and prohibiting her from purchasing or possessing a firearm. ORS 426.130(1)(a)(D). Specifically, appellant assigns error to the trial court's finding that she was a danger to others. Appellant argues that the evidence of her aggressive behavior in the hospital setting was insufficient for a rational factfinder to infer that she was a danger to others. Viewing the facts in the light most favorable to the trial court's disposition, we conclude that the evidence was legally sufficient to support the trial court's determination that appellant was a danger to others at the time of the hearing. *See State v. K. M.*, 314 Or App 586, 587, 496 P3d 1099 (2021) (stating the standard of review for civil commitment cases). Accordingly, we affirm.

In order to demonstrate that someone is a danger to others, the state "must prove that actual future violence is highly likely." *Id.* at 592. A single violent act may establish that someone is a danger to others so long as nothing indicates it was an isolated incident. *State v. T. M.*, 296 Or App 703, 709, 437 P3d 1197 (2019). Alternatively, specific violent acts are unnecessary to establish dangerousness if other conduct in their recent history "'clearly form[s] a foundation for predicting future dangerousness.'" *State v. L. R.*, 283 Or App 618, 625, 391 P3d 880 (2017) (quoting *State v. M. A.*, 276 Or App 624, 629, 371 P3d 495 (2016) (brackets added)). This generally requires evidence of actions demonstrating the person's "intention and ability to carry out" the acts that suggest "that actual future violence is highly likely." *Id.*

In this case, appellant left the behavioral health unit (BHU) of the hospital, barefoot and in just a bathrobe, against medical advice. The next day, she was re-admitted to the BHU and over the next several days exhibited aggressive behavior toward other patients and staff, needing near constant supervision and redirection from staff trained in de-escalation techniques. Even with supervision, appellant would invade other patients' spaces, often screaming

and cursing at them within inches of their faces and taking food from their trays. She also exposed herself to staff and slammed a door in a nurse's face when she was asked to take her medications. Her doctor testified that hospital staff's familiarity with appellant's aggression from her previous admission alerted them to provide appropriate resources to appellant to avoid any violent interactions.

Appellant contends that the trial court erred in finding that the state had proven by clear and convincing evidence that appellant was a danger to others. Appellant argues that because her aggressive behavior only occurred in and around the hospital, we should consider the behavior isolated in nature and thus not predictive of future violence.[1] We disagree that these facts are similar to those in the cases relied on by appellant because her pattern of aggressive behavior was not singular in nature, nor was it in response to confinement, unwanted treatment, or perceived threats. While we have previously held that violence as a response to hospitalization is not sufficient to show that future violence is highly likely, appellant demonstrated consistent aggressive behavior toward other patients and hospital staff unprovoked, rather than as a response to hospitalization. We also reiterate that declaring particular facts from precedent as controlling is not helpful in the civil commitment context because these cases "'must be decided on [their] individual facts under the applicable standards.'" *State v. T. T.*, 293 Or App 376, 384, 428 P3d 921, *rev den*, 364 Or 209 (2018) (quoting *State v. D. L. W.*, 244 Or App 401, 405, 260 P3d 691 (2011)).

Instead, we conclude that considering appellant's recent history, her aggressive behavior in the hospital, and her persistent need for redirection, the trial court did not err in determining that appellant was highly likely to engage in future violence if not committed. The trial court relied on

---

[1] *See State v. J. G.*, 302 Or App 97, 102, 458 P3d 721 (2020) (holding that a single act of violence in the hospital setting is not enough to infer future violence is highly likely); *State v. S. E. R.*, 297 Or App 121, 124, 441 P3d 254 (2019) (concluding that evidence of a single violent act resisting restraint in the hospital was not sufficient to infer she was dangerous to others outside the hospital setting); *T. M.*, 296 Or App at 712 (reversing the commitment of a woman who threatened her husband with a fire poker due to the isolated nature of the incident).

the testimony of appellant's doctor, who treated her during two previous hospitalizations in the BHU and testified that appellant's pattern of behavior caused by her psychosis leading up to and once inside the hospital, without intervention and redirection by trained staff, was very likely to result in future violence. *See T. M.*, 296 Or App at 709; *L. R.*, 283 Or App at 625 (explaining that specific violent acts are unnecessary to establish dangerousness if other conduct in recent history "clearly form[s] a foundation for predicting future dangerousness"). The doctor's prediction was not based on "mere unsubstantiated apprehension or speculation," *State v. B. B.*, 240 Or App 75, 84, 245 P3d 697 (2010); rather, the doctor considered appellant's recent history and her propensity for aggressive acts toward others to be a pattern of impulsivity that, without intervention, made future violence highly likely.

There was legally sufficient evidence in the record for the trial court to determine that appellant was a danger to others.

Affirmed.